■ CELIA SHWILLER, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 49622.) — Order unanimously reversed, without costs, and motion denied, without prejudice to renew motion upon adequate papers in accordance with the following Memorandum: Claimant, alleging that she was injured at Roswell Park Memorial Hospital on February 14, 1967, moved on April 15, 1968, pursuant to subdivision 5 of section 10 of the Court of Claims Act for permission to file a late claim and her motion was granted. The Act provides in part that " The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the state or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting the claim.". Claimant's affidavit and that of her attorney fail to meet the statutory requirements. Claimant in her brief states that " Upon oral argument, claimant's counsel stated to the Court that the State had actual knowledge of the accident immediately after it happened and further stated that the hospital rendered assistance to the claimant immediately after the accident". Her brief further recites that Roswell Hospital personnel were present at the time of the accident, assisted and medically treated claimant and arranged for her hospitalization in the Buffalo General Hospital which is directly across the street. None of these statements is contradicted by the State and no prejudice is claimed. The Court of Claims Judge in his memorandum-decision makes no reference to these facts and bases his determination solely upon the fact that claimant is a nonresident of the State. Standing alone this would be insufficient reason for granting the motion. If claimant's affidavits had included the facts alleged to have been made in oral argument, under the circumstances here presented, we would not have disturbed the court's decision. The interests of justice require that claimant be given an opportunity to reapply upon adequate

papers, if so advised. (Appeal from order of Court of Claims granting motion to file late claim.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Witmer, JJ.